UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Shone Foster,

    Plaintiff,

v.                                           07-CV-3155

Lt. Powell,
Assistant Warden Strayer,
Neil Williams,
Assistant Warden Walton,
Superintendent Defendant Durr,

    Defendants.

## Order

On November 7, 2008, the court dismissed this case because the plaintiff had failed to keep the court apprised of his change in address. On November 18, 2008, the plaintiff filed a motion to reconsider, asserting that, in October 2008 he had filed a change of address in another of his pending cases, 07-3118. The plaintiff, however, must file a change of address in all his pending cases. The court has several hundred cases on its docket and cannot keep track of the change of addresses for all the plaintiff's cases.

The court, however, will grant the motion to reconsider. That does not help the plaintiff, though, because summary judgment is mandated for the defendant. Before the case was dismissed, the defendant filed a summary judgment motion and the plaintiff filed his response. The motion was mooted on dismissal. The court now revives it and addresses its merits.

According to the plaintiff, on May 3, 2007, he and several other inmate/detainees at the Jail were evacuated and held downstairs while their cells were shaken down. After the shake down, the plaintiff was walking up the stairs. Defendant Lieutenant Powell was at the top of the stairs. Some of the other inmates asked Powell when they would be off lockdown. Powell replied that they would not be coming off lockdown. The plaintiff protested, saying that they had done nothing wrong. He asked, "Why are we being punished?" Powell replied, "If I told you I would have to kill you." Powell says she was joking, using the phrase made popular in the movie *Top Gun*. The plaintiff asserts that Powell's demeanor showed unequivocally that she was not joking. The plaintiff wrote a grievance about Powell's comment. According to the plaintiff, Powell learned of the grievance and had the plaintiff pulled from his cell and brought to her. According to the plaintiff, Powell asked the plaintiff why he was trying to ruin her career

and threatened that he should back down or she could make his life "very uncomfortable." Undeterred, the plaintiff filed this lawsuit against Powell the next month. (Powell denies saying this, but the court accepts the plaintiff's version as true on summary judgment).

The plaintiff does not dispute that he suffered no actual adverse action, besides his alleged distress at Powell's isolated comments. Powell's comments are simply too *de minimis* to support a constitutional claim of retaliation. These isolated comments, uncoupled with any adversary action, would not "'deter a person of ordinary firmness'" from exercising his First Amendment rights. *Bridges v. Gilbert,* --- F.3d ----, 2009 WL 529573 *9 (7th Cir. 2009), *quoting Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982). Accordingly, summary judgment is mandated for Powell.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to reconsider (d/e 21) is granted to the extent he seeks the re-opening of this case. This case is reopened and defendant's motion for summary judgment is revived (d/e 15).

2) The defendant's motion for summary judgment is granted (d/e 15). The clerk is directed to enter judgment in favor of the defendant and against the plaintiff. All pending motions are denied as moot (d/e's 22, 23, 24) and this case is terminated.

3) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 24th Day of March, 2009.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE